**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEREMIAH VERNON WEBB,

Plaintiff,

v.

LIEUTENANT TYLER ROSSNAGLE,
LIEUTENANT JEFF STEINER,
OFFICER WILLIAM DELL,
OFFICER ANGELA COX,
DETECTIVE MEGAN L. BUCK, and
DETECTIVE AMELIA WICINSKI,

Defendants.

Case No.: 8:26-cv-01523-JLB-NHA

---

# PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, NOTICE OF FILING FIRST AMENDED VERIFIED COMPLAINT AS A MATTER OF COURSE, AND ALTERNATIVE PROCEDURAL OBJECTIONS TO DOC. 18

Plaintiff Jeremiah Vernon Webb, proceeding pro se and in forma pauperis, responds to Defendants' Motion to Dismiss (Doc. 18), gives notice that on August 17, 2026 he filed his First Amended Verified Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) (Doc. 19), and preserves alternative objections to the timing and procedural sufficiency of Doc. 18. The principal relief requested is denial of Doc. 18 as moot because it addresses a superseded pleading.

## I. THE FIRST AMENDED VERIFIED COMPLAINT SUPERSEDES DOC. 1 AND MOOTS DOC. 18

1. Defendants filed and served their joint Rule 12(b) motion on August 13, 2026. Doc. 18. The Motion expressly identifies the challenged pleading as the original Complaint, Doc. 1, and addresses the three counts contained in that pleading.

2. Plaintiff had not previously amended his Complaint. Rule 15(a)(1)(B) permitted one amendment as a matter of course within twenty-one days after service of a Rule 12(b), (e), or (f) motion. On August 18, 2026, Plaintiff timely filed his complete First Amended Verified Complaint as Doc. 19; no motion for leave was required.

3. The First Amended Verified Complaint supersedes and replaces the original Complaint. *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007).

4. The same procedure has been applied in this District to Defendant Cox. In *Ziegler v. City of Sarasota*, No. 8:25-cv-02992-CEH-AAS, Doc. 48 (M.D. Fla. Feb. 27, 2026), the court denied Cox's motion directed to the original complaint as moot because the amended complaint superseded it.

5. Doc. 18 does not address the operative pleading. The First Amended Verified Complaint contains two counts rather than three, omits the former failure-

to-intervene count, expressly limits every claim to individual-capacity liability, identifies the formal Information and concrete pretrial restrictions, and separately states the affirmative conduct attributed to each Defendant.

6. Because Doc. 18 is directed only to a superseded pleading, the Court should deny it as moot, without prejudice to Defendants' right to answer or otherwise respond to the First Amended Verified Complaint under Rule 15(a)(3).

## II. PLAINTIFF PRESERVES ALTERNATIVE PROCEDURAL OBJECTIONS TO DOC. 18

7. All six Defendants were served on July 16, 2026. Under Rule 12(a)(1)(A)(i), their response to the original Complaint was due on August 6, 2026.

8. Defendants filed Doc. 18 on August 13, 2026, seven days after that deadline. The docket reflects no order extending the response deadline, and Doc. 18 contains no request under Rule 6(b)(1)(B) for a post-deadline extension based on excusable neglect. Plaintiff preserves his objection that the Motion was untimely but does not seek default because Defendants have appeared and are actively defending.

9. Defense counsel did not confer or attempt to confer with Plaintiff before filing Doc. 18. The Motion contains no Local Rule 3.01(g) Certificate. A Rule 12(b)(6) motion is not among the motions exempt from the Middle District's prefiling conferral requirement. M.D. Fla. R. 3.01(g)(1)-(2).

10. On August 15, 2026, within the three-day period addressed by Local Rule 3.01(g)(3), defense counsel responded to Plaintiff by email concerning this action and stated that Defendants would not schedule any conferences or discuss discovery until after Doc. 18 was heard. That response confirmed an operative means of direct communication with Plaintiff, but Defendants did not request a conference concerning Doc. 18 and did not supplement the Motion with the required certificate. No order staying preservation, the Rule 26(f) conference, discovery, or case-management obligations has been entered.

11. The Court's Civil Action Order further provides that, while a motion remains pending, the parties have a mutual obligation to continue conferring in good faith to narrow or resolve the issues and promptly advise the Court of any resolution. Doc. 5 at 2. Plaintiff preserves the noncompliance issue but does not request sanctions in this Response.

12. The Court need not decide either procedural objection because the amended pleading supersedes Doc. 1. If the Court does not deny Doc. 18 as moot, Plaintiff alternatively requests denial without prejudice based on untimeliness and noncompliance with Local Rule 3.01(g).

## III. THE OPERATIVE AMENDED PLEADING REMOVES OR CURES THE GROUNDS ASSERTED IN DOC. 18

**A. The amended pleading asserts no official-capacity or Monell claim.**

13. Although Doc. 18 captions each Defendant in an individual capacity, it devotes substantial argument to official-capacity and municipal liability. The operative complaint expressly states that every Defendant is sued only in an individual capacity, that no municipality is sued, and that Plaintiff asserts no Monell or official-capacity claim.

**B. Count I alleges formal criminal legal process and a concrete pretrial restraint, not a street seizure or summons alone.**

14. Doc. 18 relies on United States v. Mendenhall and the test for whether a person was free to leave during a police encounter. Count I does not allege that Plaintiff was seized during the August 30 custody standby. It alleges a later seizure pursuant to criminal legal process. See *Williams v. Aguirre*, 965 F.3d 1147, 1158–65 (11th Cir. 2020); *Gervin v. Florence*, 139 F.4th 1236, 1248–51 (11th Cir. 2025).

15. The amended pleading identifies the October 17 Information as formal legal process and alleges that the seizure began when the criminal court imposed a continuing condition of pretrial release restricting contact, association, movement, proximity to Hall's residence, and parenting-plan activity under potential indirect-criminal-contempt consequences. The arrest-warning summons and repeated proceedings are pleaded only as cumulative process, not as the seizure standing alone.

16. The amended pleading also identifies the officer-created agency case, Cox's sworn affidavit, the same agency number on the Information, the particular false implications and omissions, the corrected probable-cause presentation, and the alleged causal chain from the officer-created case to the resulting restraints. It therefore supplies the legal process, constitutional defect, seizure, and causation allegations missing from the pleading discussed in *Clark v. Bell*, No. 25-13645 (11th Cir. Apr. 29, 2026) (unpublished).

**C. Count II pleads First Amendment retaliation and retaliatory prosecution; the former Count III has been removed.**

17. The amended Count II identifies protected complaints, Internal Affairs activity, public-records and body-camera requests, petitions, evidence submissions, litigation, and intended press activity; separately alleges Rossnagle's, Steiner's, and Dell's knowledge and affirmative acts; pleads retaliatory animus and but-for causation; alleges absence of probable cause; and alleges successful inducement of the prosecutor through the materially incomplete agency case. See Hartman v. Moore, 547 U.S. 250, 261–66 (2006); *Bailey v. Wheeler*, 843 F.3d 473, 480–84 (11th Cir. 2016).

18. The amended complaint removes the former standalone failure-to-intervene or failure-to-correct count. Doc. 18's Count III argument therefore no longer applies.

**D. The amended pleading gives fair notice and breaks down the claims by Defendant.**

19. The First Amended Verified Complaint asserts only two causes of action, uses separately numbered factual allegations, identifies the Defendants against whom each count is brought, incorporates only identified factual sections, and separately alleges what Cox, Rossnagle, Dell, Steiner, Wicinski, and Buck personally did. It does not rely on respondeat superior, rank, title, record access, or mere presence.

20. In *Logsdon v. Woods*, this Court rejected a Rule 8 challenge where the pro se pleading stated the claims and injuries, requested relief, and "breaks down his claims against each defendant." No. 5:24-cv-470-JLB-PRL, Doc. 46 at 13 (M.D. Fla. Feb. 4, 2026). The operative pleading here follows that defendant-specific structure.

**CONCLUSION**

Plaintiff timely filed his First Amended Verified Complaint as a matter of course. Because that pleading supersedes Doc. 1, the Court should deny Defendants' Motion to Dismiss, Doc. 18, as moot. Alternatively, the Court should deny Doc. 18 without prejudice because it was filed after the Rule 12 response deadline and without the conferral and certification required by Local Rule 3.01(g).

Defendants may respond to the operative amended pleading within the time prescribed by Rule 15(a)(3).

Respectfully submitted,

**JEREMIAH VERNON WEBB**
Plaintiff, pro se
11121 Lost Creek Terr 101
Bradenton, FL 34211
801-755-9600
jeremiah@shoponfire.com

**CERTIFICATE OF SERVICE**

I certify that on August 17, 2026, I served a true and correct copy of this filing on Bradley S. Bell, Esq., and Traci B. Taylor, Esq., counsel for Defendants, by filing with the clerk.

**JEREMIAH VERNON WEBB**
Plaintiff, pro se